[No. 11919. Department Two. January 29, 1915.]

ALEX BATTYANY et al., Respondents, v. ALFRED C. McNELEY et al., Appellants.[1]

APPEAL — PARTIES ENTITLED — GUARDIAN — ADVERSE INTERESTS. Where defendant was sued individually and as guardian for minor children, whose interests were adverse to him, and a guardian ad litem had been appointed, on judgment against the defendant individually, he cannot appeal as general guardian for the infants.

HUSBAND AND WIFE — COMMUNITY PROPERTY—EVIDENCE—SUFFICIENCY. There is sufficient evidence to sustain findings that certain real property was community property of the plaintiff and his deceased wife, as against his claim that it was his separate property, where it appears that the original contract for the land ran to him and his wife as grantees, and that payments were made thereon from funds of the wife prior to her death, although thereafter he made final payment and took a deed in his own name.

Appeal from a judgment of the superior court for Spokane county, Jackson, J., entered May 8, 1913, upon findings in favor of the plaintiffs, in an action for equitable relief. Affirmed.

L. H. Prather (W. C. Jones, of counsel), for appellants.

[1] Reported in 145 Pac. 978.

CROW, J.—This is an action to quiet title, or in the alternative to rescind a sale of land and obtain other equitable relief. For some years prior to 1905, the defendant Alfred C. McNeley and one M. Jennie McNeley were husband and wife, and the record owners of twenty acres of land, in Spokane county, admitted to be their community property. They also held an unrecorded contract to purchase forty acres of adjoining land from W. A. Wright and wife, on which partial payments of purchase money were made during the lifetime of M. Jennie McNeley. On August 10, 1905, M. Jennie McNeley died intestate, leaving three minor children as her heirs at law. Two of these minor children, Harold J. McNeley and William J. McNeley, are defendants herein. The third minor child died intestate on October 6, 1906. After the death of M. Jennie McNeley, the defendant Alfred C. McNeley was appointed and qualified as administrator of her estate. In the inventory which he filed he included the twenty-acre tract to which they held title, but did not include the forty-acre tract upon which they held a contract of purchase. Later Alfred C. McNeley married the defendant Minnie McNeley, his present wife. The estate of M. Jennie McNeley, deceased, was closed, and the defendant Alfred C. McNeley was appointed and qualified as guardian of the person and estate of his surviving minor children. After the death of M. Jennie McNeley, Alfred C. McNeley completed payments to Wright and wife on the forty-acre tract, and took a deed therefor in which he was named as grantee. Later he and his present wife contracted to sell the forty-acre tract and the twenty-acre tract to the plaintiffs Alex. Battyany and Steve Battyany, for the total consideration of $3,900. Judicial proceedings were instituted which authorized Alfred C. McNeley, as guardian of the minor heirs, to sell their interest in and to the twenty-acre tract, and it was included in the sale to Alex. and Steve Battyany. Later deeds were delivered to plaintiffs, although there is some dispute as to whether they intended to accept them or approve

the title conveyed. Plaintiffs paid $2,000 on the purchase price and executed two notes and mortgages for $1,900, the remainder thereof, one note and mortgage to Alfred C. Mc-Neley on the forty-acre tract and one undivided half of the twenty-acre tract to secure $1,575, and one note and mortgage to Alfred C. McNeley as guardian of Harold J. and William J. McNeley, minors, on the other undivided half of the twenty-acre tract to secure $325.

At the time plaintiffs purchased the land, they had neither knowledge nor notice of the unrecorded contract of sale running from W. A. Wright and wife to Alfred C. McNeley and M. Jennie McNeley, but had knowledge of the recorded deed which had been executed and delivered to Alfred C. McNeley, a widower. Later plaintiffs learned that the minors and relatives of their deceased mother were claiming the forty-acre tract had been the community property of Alfred C. McNeley and M. Jennie McNeley, and that the minors each claimed a one-sixth interest therein. When plaintiffs, who had made valuable improvements on the land, learned of these claims, they demanded of Alfred C. McNeley that he take the proper and necessary steps to perfect their title. This he refused to do. Thereupon they commenced this action against Alfred C. McNeley, Minnie McNeley, his wife, and Harold J. McNeley and William J. McNeley, minors, and Alfred J. McNeley as their guardian, to quiet title or obtain alternative equitable relief. They pleaded substantially the facts above stated and asked, in the event their title could not be quieted, that their contract of purchase be rescinded; that they be given judgment for the purchase money they had paid and for the value of the permanent improvements they had made; that these sums be made a lien on the land, and that their notes and mortgages be canceled and returned to them.

The record shows that, when plaintiffs learned of the cloud on their title, they declined to pay interest on their notes and mortgages until their title could be quieted. The defendant Alfred C. McNeley, individually and as guardian for the

minors, filed an answer in which he alleged that the forty-acre tract was his individual property and not the community property of himself and his former wife; that the title which had been conveyed to plaintiffs was perfect, and that they had made default in payments of interest on their notes; and asked for decrees foreclosing the mortgages. It appearing to the trial court that the claims of the defendant Alfred C. McNeley were adverse to the interests of his minor children and wards, an order was entered appointing John M. Gleason as guardian *ad litem* for the minor defendants. The guardian *ad litem* answered, claiming that the forty-acre tract was community property, and asking the court to protect the interests of the minors therein.

The principal issue tried was whether the forty-acre tract was the community property of Alfred C. McNeley and his deceased wife. During the trial, the plaintiffs announced their willingness to retain the land if their title could be quieted. To this, the guardian *ad litem* does not seem to have taken any exception, provided the interests of his wards could be so protected that they would receive their share of the purchase price for which the forty-acre tract had been sold.

After hearing the evidence, the trial judge found and decreed, that the forty-acre tract was community property; that the sale to plaintiffs had been made for a fair and valuable consideration; that plaintiffs were willing to retain the land; that the interests of the minors in the purchase price which plaintiffs had agreed to pay was $975; that to secure this sum, that proportion of the unpaid purchase money mortgages should be decreed and paid to them; that the plaintiffs were justified in failing to pay interest until their title was quieted; that the mortgages should not be foreclosed; that the guardian *ad litem* should be authorized to make an application to the superior court to increase the bond of Alfred C. McNeley as guardian of the minors; that a fee of $100 should be paid to the guardian *ad litem*, the

same to be a charge against the appellant Alfred C. McNeley and his interest in the mortgages; that the same should be paid directly to the guardian *ad litem;* that, in his discretion, the guardian *ad litem* might appeal on behalf of his wards from the final decree herein; that plaintiffs' title should be quieted, and that costs should be awarded against the defendant Alfred C. McNeley. From this decree, the defendants Alfred C. McNeley and Minnie McNeley have appealed. Alfred C. McNeley has also attempted to appeal as guardian of his minor wards. The latter appeal will not be considered, as the record clearly shows that the interests and contentions of Alfred C. McNeley are adverse to the interests of his wards. No cross-appeals have been taken.

The controlling issue before us is whether the forty-acre tract was the community property of Alfred C. McNeley and M. Jennie McNeley, his former wife. The appellants have filed a brief in which no assignments of error are made. Their arguments, however, indicate their contention that the forty-acre tract was the separate property of the appellant Alfred C. McNeley, that he acquired title thereto after the death of his former wife, that the payments made prior to her death were made by him from his separate funds, that he conveyed good title to the respondents, and that the minors had no interest in the forty-acre tract.

The respondents have filed no brief, nor have we had the benefit of any oral argument. There is an abstract which has not been helpful, and we have examined the statement of facts. This examination shows that a portion of the evidence has been omitted from the statement, and that certain exhibits which should be attached are not before us. However, there is sufficient before us to show beyond question that the evidence on the issue whether the forty-acre tract was community property was conflicting. The original Wright contract, which is in the record, ran to Alfred C. McNeley and M. Jennie McNeley, as grantees. While this fact may not be controlling, it indicates the intention and under-

standing of the vendees at the time that the land should become their community property. There was evidence tending to show that payments on the Wright contract were made from funds belonging to appellant's former wife, and that such payments were made prior to her death. The trial court found the land was community property, and we are unable to find otherwise. As to the decree, no complaint is made by any party except the appellants Alfred C. McNeley and Minnie McNeley. The land being community property, and the rights of respondents and the minors having been protected to their complete satisfaction, we find nothing in the decree of which the appellants can successfully complain.

On the record before us, we conclude the judgment should be affirmed. It is so ordered.

MORRIS, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.